IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROLAND GRAHAM,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 21-CV-0386 |
| DOUGLAS P. EARL, *et al.*<br>    Defendants. | :<br>:<br>: |

**MEMORANDUM**

Roland Graham, also known as Ronald Graham, a prisoner currently incarcerated at the Philadelphia Industrial Correctional Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. Graham seeks leave to proceed i*n forma pauperis*. For the following reasons, Graham will be granted leave to proceed *in forma pauperis*, and his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.      FACTUAL ALLEGATIONS**

In his Complaint, Graham names a single Defendant, Douglas P. Earl, identifying him as an attorney with an office in Philadelphia, Pennsylvania. (ECF No. 2 at 2.)[1] According to the state criminal dockets, it appears that Earl entered his appearance on behalf of Graham on September 20, 2019 during Graham's preliminary criminal proceedings. *See Commonwealth v. Roland Graham*, Docket No. MC-51-CR-0006947-2016 (Phila. Cty. Municipal Court). Graham is now currently awaiting trial on several charges including attempted murder, aggravated assault, reckless endangerment, as well as various firearm offenses. *See Commonwealth v. Roland Graham*, Docket No. CP-51-CR-0000634-2020 (Phila. CCP). Scott Sigman, Esquire has since been appointed to represent Graham, and Graham's criminal trial is scheduled to commence on March 29, 2021. (*Id.*)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Graham avers that his Fourteenth Amendment Due Process rights have been violated by Earl. (ECF No. 2 at 4.) Specifically, Graham asserts a claim of "legal discrimination" against Earl, averring that Earl "misrepresented" him with "a racist bias" and "a deception defense." (*Id.* at 3.) Graham further avers that Earl "fail[ed]" his case by not putting forth "his best defense effort" because Graham is African American, alleging instead that Earl reserves "his best defense" for his white clients. (*Id.* at 4.) Graham asserts that the Honorable Thomas F. Gehret ruled against Earl with respect to an "ineffective of counsel defense" in state court. (*Id.* at 5.) The Court notes, however, that the state court dockets do not reflect such a ruling.

Graham avers that he has suffered "humiliation, embarrassment, [and] senseless hardship" by the "racist discrimination acts" of Earl. (*Id.* at 6.) He asserts that Earl "swindle[d]" him out of the $3,000 that was paid to him on September 18, 2019 and left him "stranded with a void defense." (*Id.* at 3, 5.) Graham seeks a return of the $3,000 fee paid to Earl, as well as "$500,000 and 1 million dollar[s] compensation for racist discrimination" and "55 million" in punitive damages. (*Id.* at 6-7.)

## II.  STANDARD OF REVIEW

The Court will grant Graham leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

[2] However, as Graham is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations marks and citation omitted). Conclusory allegations do not suffice. *Id.* As Graham is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

## II.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Graham cannot maintain his federal constitutional claims against Earl because criminal defense attorneys are not state actors for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (citation omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Thus, the Court must dismiss Graham's constitutional claims against Earl.

Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction over any of Graham's state law claims against his former attorney, to the extent Graham is raising any such claims.  Accordingly, the only independent basis for jurisdiction over any such claims would be 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires complete diversity between all plaintiffs and all defendants. "This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal citations omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

Graham, a pretrial detainee at PICC, has made no allegation regarding his pre-incarceration domicile, nor has he alleged the citizenship of Earl, other than his assertion that Earl is an attorney with an office at 1015 Chestnut Street in Philadelphia, Pennsylvania.  (ECF No. 2 at 2.)  Furthermore, as a new attorney is representing Graham at trial and his trial has yet to occur, any state law claims against Earl are best construed as breach of contract claims.  *See Bailey v. Tucker*, 621 A.2d 108, 114-15 (Pa. 1993) (discussing the difference between legal malpractice and breach of contract claims against a criminal defense attorney, and holding that, to establish legal malpractice in this context one must establish that "but for" his attorney's

negligence, he would have obtained an acquittal or dismissal of the charges).  The amount of recoverable damages in this type of breach of contract action is limited to the amount actually paid for the services — which in this case is $3,000 — plus statutory interest.  *Id.* at 115.  So even if Graham could establish diversity of citizenship, jurisdiction under § 1332 would be improper because it is clear to a legal certainty that the amount in controversy is below the jurisdictional threshold.  *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) ("The sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." (quotations omitted)).  Therefore, Graham has not met his burden to demonstrate there is complete diversity, and any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

      An appropriate Order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**

5